### JAMES B. MARTIN v. THOMAS D. HOLLY.

*Agency—Revocation.*

The authority conferred upon an agent, as a general rule, may be
     revoked at any time, but such revocation will not deprive the
     agent of his right to compensation for services rendered while
     the relation of principal and agent existed, although the event
     upon which the agent's compensation depended did not occur
     until after his discharge.

This was a CIVIL ACTION, tried before *MacRae, J.*, at Spring
Term, 1889, of the Superior Court of BERTIE County.

The plaintiff declared—

1. Upon a special contract to the effect that he was
employed by the defendant to sell the timber upon two

tracts of land—the "Piney Woods tract and the Willow Branch farm"—and that if he sold it for $25,000 the defendant was to pay him $500 for his services.

2. That defendant employed him to sell said timber, and that plaintiff's services were reasonably worth $500.

The defendant admitted the contract; that the timber was sold, and that he received for said timber $26,000. He denied that the plaintiff made the sale. He alleges that the Piny Woods timber was sold in 1887, and that the Willow Branch timber was sold in 1888; that after the sale of the Piney Woods timber, the plaintiff threatened to sue him for $200 for his services; that in order to avoid a law-suit, he paid the same and discharged the plaintiff from his employment, in respect to sale of the timber. He denied that the plaintiff performed any services thereafter, or was instrumental in effecting a sale. He also denied that the said services were worth $500.

There was evidence tending to support the various contentions of the parties.

His Honor submitted, without objection, the following issue:

Is the defendant indebted to the plaintiff as alleged in the complaint? If so, in what sum?

Plaintiff admitted that he had received from defendant $200 on account of said contract, and claimed that there was still due him $300.

There was no exception to the rulings upon the testimony, and no special instructions were requested.

His Honor charged the jury, in substance, as follows:

"If, from the evidence, the jury believes that the plaintiff procured a purchaser for Willow Branch timber, able and willing to pay $18,000 for it, and if defendant sold to said purchaser at that price, the plaintiff complied with his part of the contract; that the contract being admitted, the defendant could not revoke it if the plaintiff had done anything in

pursuance thereof; that if defendant sold to any one with whom plaintiff had put defendant in communication for the purpose of effecting a sale, in pursuance of the contract, though plaintiff did not make the sale himself, he would be entitled to his commission."

To these instructions defendant excepted. Verdict and judgment for plaintiff, and defendant appealed.

*Mr. John L. Bridgers,* for the plaintiff.
*Mr. J. B. Batchelor,* for the defendant.

SHEPHERD, J. (after stating the case). It was ingeniously contended by the learned counsel for the appellant, that the action, being founded on a special contract, the conduct of the plaintiff in demanding and threatening to sue for a part of the contract price, and his reception of the same after a sale of the Piney Woods timber, was, in effect, a rescission of the agreement, and that, for this reason, he is not entitled to recover. The plaintiff denied that he was discharged before he had rendered the services, and as to the part payment, he testified that " he and the defendant *did not differ* about whether he ought to have had commissions on the first sale." We cannot conclude, as a matter of *law*, that under these circumstances the part payment was, *ipso facto,* a rescission of the contract. The issue was general, embracing both causes of action, and no instructions upon this point were requested.

It is, therefore, only necessary for us to enquire whether there was error in the instructions as given by his Honor.

The plaintiff's counsel admitted here that the defendant did in fact discharge him, and revoke his power of attorney. But he insists that when this was done, the plaintiff had already performed services in pursuance of the contract, which resulted in a sale of the timber.

There is no question but that an agency like this may be revoked at any time, but such revocation cannot defeat the right of the plaintiff to compensation for the services rendered in pursuance of the employment.

" Where a broker, authorized to sell at private sale, has commenced a negotiation, the owner cannot, pending the negotiation, take it into his own hands and complete it, either at or below the price limited, and then refuse to pay the commissions." *Keys* v. *Johnson*, 68 Penn., § 42.

Again, " a broker becomes entitled to his commissions whenever he procures for his principal a party with whom he is satisfied, and who actually contracts for the purchase of the property at a price acceptable to the owner." *Gentworth* v *Luther*, 21 Barb., 145 ; *Kersey* v. *Garton*, 77 Mo., 645.

" An agent employed to sell real estate, in finding a purchaser, and bringing him and his principal into communication, and setting on foot negotiations which result in a sale, cannot be deprived of his .right to compensation by a. discharge prior to the consummation of the sale." *Gillet* v. *Carum*, 7 Kan., 156.

The principles thus declared fully sustain the charge of his Honor, and we are unable to see any grounds for a new trial.

The case of *Brookshire* v. *Brookshire*, 8 Ired., 77, cited by defendant, is in no way inconsistent with the foregoing authorities. It only decides that a power of attorney under seal may be revoked by parol.

No error.