PIEDMONT CONSULTANTS OF STATESVILLE, INC. v.
GEORGE J. BABA AND WIFE, BETTY BABA

No. 7922DC960

(Filed 5 August 1980)

1. Brokers and Factors § 6.1– commission for sale of land – purchaser procured by plaintiff

The trial court properly entered summary judgment for plaintiff real estate agent in an action to recover a commission for procuring a purchaser for land owned by defendants where the evidence on motion for summary judgment showed that the parties entered into a contract giving plaintiff the exclusive right to sell the land for 180 days for $35,000 and providing that plaintiff would be entitled to a commission of 10% if the land was sold by anyone within the 180 days or if sold within an additional 180 days to "a purchaser originally procured by" plaintiff; plaintiff placed its "For Sale" sign on the land; the purchaser saw the sign on the property and contacted plaintiff's agent with reference to purchasing the property; plaintiff's agent discussed the sale of the property with the purchaser; the purchaser thereafter contacted defendant owners, who sold the property to the purchaser for $35,000; the sale occurred within 180 days after the exclusive right to sell had expired; and defendants did not pay plaintiff any commission on the sale.

2. Brokers and Factors § 4.1– real estate broker – no breach of fiduciary duty

The trial court properly entered summary judgment in favor of plaintiff real estate broker on defendants' counterclaim for breach of plaintiff's fiduciary duty where all the evidence on motion for summary judgment showed that defendant owners prevented plaintiff from carrying out its

duties when they undertook direct negotiations with the ultimate purchasers to the exclusion of plaintiff.

APPEAL by defendants from *Martin (Lester), Judge.* Orders entered 21 August 1979 in District Court, IREDELL County. Heard in the Court of Appeals 15 April 1980.

Plaintiff, a real estate agency, sued defendants to recover a $3,647.00 commission allegedly earned by it in procuring a purchaser for defendants' 22 1/2 acres of land located in Chambersburg Township, Iredell County.

Defendants filed an answer denying that plaintiff procured the purchaser of the land, but admitted that plaintiff had informed them of the purchaser's interest. They also filed a counterclaim alleging plaintiff's breach of fiduciary duty and negligence in the performance of its duties.

Plaintiff filed a motion to dismiss pursuant to Rule 12(b)(6) of the Rules of Civil Procedure and a motion for entry of summary judgment pursuant to Rule 56 of the Rules of Civil Procedure. The trial court, after considering the pleadings, the interrogatories and the answers filed thereto, the depositions of the purchasers, and the affidavit of the male defendant, entered summary judgment in favor of plaintiff in the original action and on the counterclaim. Defendants appealed.

*Homesley, Jones, Gaines, Dixon & Fields, by Wallace W. Dixon, for plaintiff appellee.*

*Isenhower & Long, by David L. Isenhower, for defendant appellants.*

ERWIN, Judge.

Defendants contend that the trial court committed error in two respects: (1) The trial court erred in granting plantiff's motion for summary judgment. (2) The trial court erred in granting plaintiff's motion to dismiss defendants' counterclaim. We do not agree.

G.S. 1A-1, Rule 56(c), of the Rules of Civil Procedure provides the standard for summary judgment:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law."

The text of Rule 56 of the North Carolina Rules of Civil Procedure providing for summary judgment and that of Rule 56 of the Federal Rules of Civil Procedure are practically the same. *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971).

"The question to be decided on a motion for summary judgment is whether there is a genuine issue of fact and not how that issue should be determined . . . . If it appears that there is a genuine issue to be tried, the motion is denied and the case allowed to proceed to trial in the usual way. A summary judgment should not be granted unless the truth is clear . . . .

\*   \*   \*

The determination of what constitutes a 'genuine issue as to any material fact' is often difficult."

3 Barron & Holtzoff, Federal Practice and Procedure § 1234 (C. Wright ed. 1958).

[1] The contract for the sale of the property in question is an Exclusive Listing Contract which was entered into between the parties on 8 December 1977 and provided in part:

"You have the exclusive right to sell for the sale of my property consisting of Approximately (22.5) (G.J.B.) 24 acres near the intersection of S.R. # 2318 & 2342 in Chambersburg Township, Iredell County . . . . [F]or 180 days for a price of $35,000 (or at a greater or lower price if I accept). The professional service and expense of advertising and showing the property shall be entirely borne by you; and in

consideration thereof you shall be entitled to a commission of 10% if the property is sold within said period, by whomsoever sold, and after the termination of this exclusive right to sell, if sold within 180 days to a purchaser originally procured by you.

Neither plaintiff nor defendants denied the contract or contested any provisions thereof.

The following additional facts are uncontested: (1) that plaintiff placed its "For Sale" sign on the property in question; (2) that Douglas A. Haneline saw the sign on the property and by reason of such, contacted plaintiff's agent on or about 2 or 3 May 1978 with reference to purchasing the property; (3) that plaintiff's agent discussed the sale of the property with Haneline, who thereafter contacted defendants with reference to the purchase of the land; (4) that defendants sold the property to the Hanelines on these terms — $35,000 paid by a cash down payment, execution of a deed of trust to Federal Land Bank, and a second deed of trust to defendants for the balance; (5) that the sale occurred within 180 days after the exclusive right to sell had expired and was sold to a purchaser originally introduced by plaintiff; and (6) that defendants did not pay plaintiff any commission for the sale of the property in question.

Our Supreme Court stated the rules governing cases relating to commissions of brokers in *Realty Agency, Inc. v. Duckworth & Shelton, Inc.*, 274 N.C. 243, 250-51, 162 S.E. 2d 486, 491 (1968), as follow:

"Ordinarily, a broker with whom an owner's property is listed for sale becomes entitled to his commission whenever he procures a party who actually contracts for the purchase of the property at a price acceptable to the owner. *Cromartie v. Colby*, 250 N.C. 224, 108 S.E. 2d 228; *Martin v. Holly*, 104 N.C. 36, 10 S.E. 83. If any act of the broker in pursuance of his authority to find a purchaser is the initiating act which is the procuring cause of a sale ultimately made by the owner, the owner must pay the commsision [sic] provided the case is not taken out of the rule by the contract of employment. *Trust Co. v. Goode*, 164 N.C. 19, 80

S.E. 62. The broker is the procuring cause if the sale is the direct and proximate result of his efforts or services. The term *procuring cause* refers to 'a cause originating or setting in motion a series of events which, without break in their continuity, result in the accomplishment of the prime object of the employment of the broker, which may variously be a sale or exchange of the principal's property, an ultimate agreement between the principal and a prospective contracting party, or the procurement of a purchaser who is ready, willing, and able to buy on the principal's terms.' 12 C.J.S. *Brokers* § 91, p. 209 (1938). *Accord,* 12 Am. Jur. 2d *Brokers* § 190 (1964)."

When we consider the rules relating to summary judgments and the rules relating to payment of a broker's commission, we are compelled to hold that summary judgment was proper for plaintiff. We do not find any issue of material fact to be tried. Plaintiff was the procuring cause of the sale in a direct manner, by introducing the purchasers to the owners of the property. Haneline's first contact with plaintiff came after he noticed the "For Sale" sign on the subject property. Defendants agreed and sold their property to the Hanelines on terms agreeable to them for $35,000.

The terms of the Exclusive Listing Contract are clear that "in consideration thereof you [plaintiff] shall be entitled to a commission of 10% if the property is sold within said period, by whomsoever sold, and after the termination of this exclusive right to sell, if sold within 180 days to a purchaser originally procured by you." *See Insurance & Realty, Inc. v. Harmon,* 20 N.C. App. 39, 200 S.E. 2d 443 (1973). This assignment of error is overruled.

[2] We note that plaintiff's motion to dismiss pursuant to G.S. 1A-1, Rule 12(b)(6), of the Rules of Civil Procedure was treated by the trial court as a motion for summary judgment pursuant to Rule 56. "A Rule 12(b)(6) motion to dismiss for failure to state a claim is indeed converted to a Rule 56 motion for summary judgment when matters outside the pleadings are presented to and not excluded by the court." *Stanback v. Stanback,* 297 N.C. 181, 205, 254 S.E. 2d 611, 627 (1979); *Kessing v. Mortgage Corp.,* 278 N.C. 523, 180 S.E. 2d 823 (1971). The trial court's order reads:

"THIS CAUSE having come on to be heard on motion of plaintiff to dismiss the counterclaim of the defendants for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure and the Court having considered matters outside the pleadings, being the interrogatories and answers filed thereto, the admissions filed pursuant to the request for admissions, the deposition of Douglas Allan Haneline and the deposition of John Wayne Haneline and the affidavit of George J. Baba, the Court does treat this motion as one for summary judgment and having heard oral argument and having found that there is no genuine issue of fact to be submitted to the trial court, and having concluded that plaintiff is entitled to judgment as a matter of law, it is hereby

ORDERED, that plaintiff's motion to dismiss which the Court treats as a motion for summary judgment is in all respects granted, and it is further ORDERED, ADJUDGED AND DECREED that defendants have and recover nothing of the plaintiff by their counterclaim."

If plaintiff failed to execute its fiduciary duties as alleged in the counterclaim, said failure was caused by the defendants. Defendants prevented plaintiff from fully carrying out its duties when they undertook direct negotiations with the ultimate purchasers to the exclusion of plaintiff. These facts are not contested, and as a result, summary judgment was proper.

Judgment affirmed.

Judges HEDRICK and ARNOLD concur.