DOCKERY v. HOCUTT

[153 N.C. App. 744 (2002)]

LEWIS D. DOCKERY AND JAMES L. GUNTER, PLAINTIFF V. PAUL E. HOCUTT AND WIFE, CORA J. HOCUTT, AND LANE WHITAKER AND WIFE, DELOIS C. WHITAKER, DEFENDANTS

No. COA01-1457

(Filed 5 November 2002)

**1. Trials— compulsory reference—converted to summary judgment**

Any error by the trial court in submitting an adverse possession matter to compulsory reference was cured when the court independently reviewed the evidence presented to the referee, determined that there were no issues of fact, and effectively entered summary judgment on the issue of adverse possession.

**2. Adverse Possession— summary judgment—insufficient evidence of open, hostile, exclusive possession**

The trial court did not err by granting summary judgment for defendants in an adverse possession action where plaintiff's own testimony establishes irrefutably that he failed to possess the property openly, hostilely and to the exclusion of all others.

Judge GREENE dissenting.

Appeal by plaintiff Lewis D. Dockery from order filed 30 August 2001 by Judge Donald W. Stephens in Superior Court, Wake County. Heard in the Court of Appeals 10 September 2002.

*Douglass & Douglass by Thomas G. Douglass, for defendants.*

*Hatch, Little & Bunn, L.L.P. by Tina L. Frazier, for plaintiff.*

WYNN, Judge.

Plaintiff Lewis D. Dockery asserting a right to title of property by adverse possession, appeals from Superior Court Judge Donald W. Stephens' Order of Confirmation presenting one issue: Should the Order of Confirmation be set aside because Judge Stephens improperly compelled this matter to a referee? We hold that the question of whether this matter was properly referred to a referee was rendered harmless by Judge Stephens' Order which independently assessed the evidence and found as a matter of law that plaintiff failed to establish a claim of title by adverse possession.

DOCKERY v. HOCUTT

[153 N.C. App. 744 (2002)]

The underlying facts of this matter tend to show that plaintiff brought an action claiming to have adversely possessed property deeded to his neighbors Paul E. and Cora J. Hocutt, and Lane and Delois C. Whitaker. The claimed property consisted of two parcels of land, .37 acre and .30 acre tracts, but excluded a garden area 35 feet wide and 100 feet long cultivated by the Hocutts and another garden area 35 feet wide and 127 feet long used by another neighbor, James L. Gunter.[1]

Defendants answered claiming rights as record owners of the property and denying plaintiff's claim under rights of adverse possession. By order dated 20 August 1999, Judge Stephens ordered this matter to compulsory reference under N. C. Gen. Stat. § 1A-1, Rule 53(a)(2) (2001) and referred the matter to Referee Robert L. Farmer (former Senior Resident Superior Court Judge for Wake County) to determine all the issues in this action. All parties objected to the compulsory reference.

After conducting a hearing, Referee Farmer reported that attorneys for both parties appeared along with "such witnesses as they elected to produce." The testimony of the witnesses was transcribed and resulted in a 232 page transcript. The referee also received as evidence maps and photographs of the property. Moreover, the attorneys for each side were allowed to question witnesses and present oral arguments to the referee. From that evidence, Referee Farmer concluded that plaintiff failed to prove his claim of adverse possession. Thereafter, plaintiff excepted to the referee's report and requested a jury trial on the matter. In response, Judge Stephens issued an Order Confirming the Referee's report based upon his independent assessment of the evidence presented to the referee. From that Order, plaintiff appeals.

[1] On appeal, plaintiff argues that since his claim of adverse possession did not involve a complicated question of boundary or required a personal view of the premises, Judge Stephens erred by submitting this matter to compulsory reference under N.C. Gen. Stat. § 1A-1, Rule 53(a)(2)(c). We hold that any error in referring this matter to a referee under Rule 53(a)(2)(c), was cured by Judge Stephens' Order of Confirmation which indicates that he independently evaluated the evidence presented by both sides and determined that as a

---

1. Co-plaintiff James L. Gunter is not a party to this appeal because he settled his claim against defendants and filed a voluntary dismissal of his action.

matter of law, plaintiff had failed to establish a claim of title by adverse possession.

In his order of confirmation, Judge Stephens noted, after carefully reviewing the evidence, that:

> The Court considering the evidence in the light most favorable to the Plaintiffs, could find no material facts that would support a claim for adverse possession of the subject property. The evidence presented is insufficient to raise controverted issues of fact that could support Plaintiffs' claims.

Thus, the trial court, by independently reviewing the evidence, determined that there were no issues of fact and effectively entered summary judgment on the issue of adverse possession.

Our conclusion that Judge Stephens' Order of Confirmation may be read to constitute a summary judgment is supported by well established precedent under which this Court and our Supreme Court have liberally allowed the conversion of Rule 12(b)(6) motions to be considered on appeal under a summary judgment review. *See Pinney v. State Farm Mut. Ins. Co.*, 146 N.C. App. 248, 251, 552 S.E.2d 186, 189 (2001) (treating a 12(b)(6) motion to dismiss as a motion for summary judgment if additional materials are considered); *Piedmont Consultants of Statesville, Inc. v. Baba*, 48 N.C. App. 160, 164, 268 S.E.2d 222, 224-25 (1980) (same); *Smith v. Independent Life Ins. Co.*, 43 N.C. App. 269, 273, 258 S.E.2d 864, 867 (1979) (same); *see also Fauchette v. Zimmerman*, 79 N.C. App. 265, 267-68, 338 S.E.2d 804, 806 (1986) (stating "the constitutional right to trial by jury is not absolute; rather, it is premised upon a preliminary determination by the trial judge that there indeed exist genuine issues of fact and credibility which require submission to the jury" in a discussion explaining why a party was entitled to a trial by jury only if the evidence before the referee was sufficient to raise an issue of fact); *Nantahala Power and Light Co. v. Horton*, 249 N.C. 300, 306, 106 S.E.2d 461, 465 (1959) (stating a party was entitled to trial by jury only if the evidence before the referee was sufficient to raise an issue of fact).

Indeed, in 12(b)(6) proceedings, the parties generally do not present any evidence[2]; yet, on review our appellate courts liberally

_____

2. If in a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. N.C. Gen. Stat. § 1A-1, Rule 12(b) (2001).

DOCKERY v. HOCUTT

[153 N.C. App. 744 (2002)]

allow such dismissals to be reviewed under the summary judgment standard. In stark contrast to 12(b)(6) proceedings, the Order of Confirmation in this case was rendered with the benefit of transcribed testimony of witnesses presented by both parties; evidentiary maps and photographs, and arguments of counsel. Surely, our Courts' sanction of the appellate review of 12(b)(6) motions as summary judgment motions makes it even more compelling that an order supported by the evidence presented in this case could likewise be reviewed as a summary judgment order. Accordingly, we hold that the dispositive issue on appeal is whether the evidence in a light most favorable to the plaintiff precluded summary judgment on his claim of adverse possession.[3]

**[2]** Based on the record on appeal, we uphold the trial court's order that "plaintiffs have failed to offer any evidence from which a jury could find (1) the existence for 20 years of known and visible lines and boundaries of the disputed property to identify the extent of any possession claimed; and (2) that Plaintiffs' possession was actual, open, hostile, exclusive and continuous for 20 years under known and visible lines and boundaries."

In his testimony before the referee, the plaintiff stated he never intended to prevent any of his neighbors from using the disputed property because they had just as much right to use the property as he did. That testimony alone is sufficient to indicate that the plaintiff's possession of the property was not open, hostile and exclusive. Additionally, viewing the evidence in the light most favorable to the plaintiff, the plaintiff has not presented any evidence from which a jury could determine the existence of known and visible lines and boundaries for twenty years. Plaintiff presented testimony that there were fences behind five of thirteen lots adjacent to the disputed property; and, that behind one of the lots, there was a tree line. However, this evidence would only establish boundary lines to less than half of the land plaintiff claims to adversely possess. Plaintiff also presented a modified 1997 survey to indicate the area he possessed. However, this map is insufficient to show known and visible lines and boundaries for the twenty year period for the boundary must be visible on the ground. *See State v. Brooks*, 275 N.C. 175, 181, 166 S.E.2d 70, 73 (1969).

---

3. In their appeal, neither party contests the payment of the referee's fee based on an improper referral by the trial court; accordingly, we do not address that question in this appeal.

**DOCKERY v. HOCUTT**

[153 N.C. App. 744 (2002)]

In sum, we conclude that plaintiff, by his own testimony, establishes irrefutably that he failed to possess the property openly, hostilely and to the exclusion of all others. We further conclude that viewing the evidence in the light most favorable to the plaintiff, the plaintiff has failed to present sufficient evidence demarcating the extent of his claimed possession for twenty years.

Affirmed.

Judge BIGGS concurs.

Judge GREENE dissents.

GREENE, Judge, dissenting.

As I believe the trial court erred in ordering a compulsory reference and I disagree with the majority that any potential error was cured by the trial court's order affirming the referee's report, I dissent.

I

Under Rule 53, if the parties do not consent to a reference, the trial court may on its own motion order a reference "[w]here the case involves a complicated question of boundary, or requires a personal view of the premises." N.C.G.S. § 1A-1, Rule 53(a)(2)c. (2001). Accordingly, where "the pleadings show[] a potentially complicated boundary dispute," the trial court is empowered to order a compulsory reference. *Livermon v. Bridgett*, 77 N.C. App. 533, 536, 335 S.E.2d 753, 755 (1985).

In this case, nothing in the pleadings suggests the adverse possession claim requires resolution of a complicated boundary dispute or a personal view of the premises. *See id.* (where one of the parties to an adverse possession claim contended in his pleading that "the boundaries were not as stated in the deeds," thus justifying a compulsory reference). Defendants' answer merely challenged plaintiff's right to the property, not the boundaries thereof. Furthermore, the referee did not personally examine the property, indicating "a personal view of the premises" was not required for the determination of the issues raised by the pleadings. As such, the trial court erred in ordering a compulsory reference.

**DOCKERY v. HOCUTT**

[153 N.C. App. 744 (2002)]

II

The majority contends because the trial court's order affirming the referee's report effectively constituted an entry of summary judgment for defendants, any error that may have occurred with respect to the compulsory reference was thereby cured.

First, I do not agree the trial court effectively entered summary judgment for defendants. If defendants had filed a summary judgment motion, defendants would have had the burden of showing plaintiff was not able to present substantial evidence of each element of his adverse possession claim. *See Best v. Perry*, 41 N.C. App. 107, 110, 254 S.E.2d 281, 284 (1979). In this case, the trial court did not place that burden on defendants but instead reviewed all the evidence before the referee and determined plaintiff had failed to meet his burden.

Second, assuming the trial court's order was tantamount to summary judgment, it did not serve to cure the prejudicial error resulting from the improper reference. Prior to the order of reference, the record in this case contains only the parties' pleadings and attachments thereto. Thus, had this case not undergone a compulsory reference and assuming defendants had filed the appropriate 12(b)(6) motion to dismiss, the trial court, in ruling on the motion, could only have considered plaintiff's complaint and not the transcript of the hearing before the referee. *See Harris v. NCNB*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987) (upon a 12(b)(6) motion the trial court considers whether the allegations of the complaint, treated as true, are sufficient to state a claim for which relief can be granted); *see also Smith v. Ins. Co.*, 43 N.C. App. 269, 273, 258 S.E.2d 864, 866 (1979) (motion to dismiss converted to motion for summary judgment when matters outside the pleadings are presented to and considered by the trial court). As the complaint was sufficient to state a claim for adverse possession, the trial court would have been obligated to deny the motion, and plaintiff would have received a trial before a jury. It therefore cannot be said the trial court's review of the referee's report served to cure the effects of the erroneous reference.

Finally, again assuming the trial court effectively entered summary judgment, its order must be reversed because the evidence before the referee reveals genuine issues of material fact with respect to each of the elements of adverse possession. *See* N.C.G.S. § 1-40 (2001) (defining adverse possession). Not only did Plaintiff testify he had maintained the property for a period of twenty years and, upon

entry of the property, he had claimed it as against all others,[4] but several of plaintiff's neighbors testified they were aware of plaintiff's continuous use of the property. Accordingly, I would reverse the order of the trial court and remand this case for a jury trial.

———

4. While plaintiff testified he would not have prevented his neighbors from using the property when he first bought the adjacent plot, he later clarified that once he had entered the property he claimed it as his alone.