LEWIS D. DOCKERY AND JAMES L. GUNTER v. PAUL E. HOCUTT AND WIFE, CORA J. HOCUTT, AND LANE WHITAKER AND WIFE, DELOIS C. WHITAKER

No. 609A02

(Filed 13 June 2003)

**1. References and Referees— compulsory reference—abuse of discretion standard**

The trial court did not abuse its discretion in an adverse possession case by ordering a compulsory reference under N.C.G.S. § 1A-1, Rule 53(a)(2)(c) because considering the type of evidence necessary to prove the elements of adverse possession, it cannot be said as a matter of law that plaintiff's claim did not require a reference or that the trial court could not reasonably conclude from a review of the pleadings that resolution of the issues would involve a complicated question of boundary or require a personal view of the site.

**2. Adverse Possession; References and Referees— compulsory reference—demand for jury trial—order of confirmation**

The test to determine a demand for a jury trial following a compulsory reference is the same as that for a motion for directed verdict pursuant to N.C.G.S. 1A-1, Rule 50. Therefore, the trial court did not err in an adverse possession case by denying plaintiff's demand for a jury trial following a compulsory reference because plaintiff failed to adduce evidence before the referee demonstrating known and visible lines and boundaries on the ground and the existence of these boundaries for the requisite twenty-year period.

**3. Adverse Possession— compulsory reference—adoption of referee's report in full—witness credibility**

Although the trial court erred in an adverse possession case by adopting in full a referee's report containing findings of fact requiring assessment of witnesses' credibility in the context of a compulsory reference, the error was not prejudicial because the trial court also reviewed the evidence and concluded that taken in the light most favorable to plaintiff, the evidence presented was insufficient to raise controverted issues of fact that would support plaintiff's claim including that plaintiff failed to offer any evidence from which a jury could find the existence for twenty

years of known and visible lines and boundaries of the disputed property to identify the extent of any possession claim.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 153 N.C. App. 744, 571 S.E.2d 81 (2002), affirming an order entered 30 August 2001 by Judge Donald W. Stephens in Superior Court, Wake County. Heard in the Supreme Court 8 April 2003.

*Hatch, Little & Bunn, LLP, by A. Bartlett White and Tina L. Frazier, for plaintiff-appellant Lewis Dockery.*

*Douglass & Douglass, by Thomas G. Douglass, for defendant-appellees.*

PARKER, Justice.

Plaintiffs Lewis D. Dockery (plaintiff) and James L. Gunter instituted this civil action claiming title to certain lands by adverse possession. Plaintiff Gunter resolved his dispute with defendants and is no longer a party to this litigation. The determinative issues before this Court are whether the Court of Appeals properly affirmed the trial court's compulsory reference of the case to a referee and whether the Court of Appeals properly affirmed the trial court's denial of plaintiff's request for jury trial after an adverse determination by the referee. For the reasons discussed herein, we modify and affirm the decision of the Court of Appeals.

Plaintiff owns a one-half interest in a home on Gumtree Circle, located in the Idlewood Village Subdivision in the City of Raleigh, Wake County, North Carolina. Defendants Hocutt and Whitaker own adjacent lots on Savannah Drive, located in the Kingswood Forest Subdivision in the City of Raleigh, Wake County, North Carolina. The land in dispute was originally part of a 1.43-acre tract located to the rear of and between plaintiff's parcel and defendants' parcels as shown on Exhibit A to plaintiff's complaint.[1] In 1995 the 1.43-acre tract was owned by a trust; the trustee conveyed the tract to J.J. Allen and Paulette F. Rogers in 1996. Thereafter, Allen and Rogers conveyed a .67-acre tract to defendants. This new tract was divided and combined with defendants' lots as shown on a survey recorded 14 April 1997 in the Wake County Public Registry, which is Exhibit B to plaintiff's complaint. This survey divided the .67-acre tract into two

---

1. Exhibits A, B, and C to the complaint were hearing Exhibits 1, 2A, and 2B, respectively.

parcels, .30 acre and .37 acre, respectively, and created a new east boundary line dividing the .67-acre tract from the remainder of the 1.43-acre tract. Defendants Hocutts' deed was recorded 10 February 1998 in the Wake County Public Registry; defendants Whitakers' deed was recorded 8 February 1998 and re-recorded 12 February 1998 in the Wake County Public Registry. Plaintiff's complaint alleges the following:

6. Other than a strip of land 35 feet wide and 100 feet long which Hocutt has used as a garden, said strip being to the rear of and adjacent to the 0.28 acre tract owned by Hocutt, and other than a 35 foot wide by 127 foot long strip of land to the rear and adjacent to the property of Plaintiff Gunter which Gunter has used as a garden, Plaintiff Dockery has had exclusive, complete, actual, open, notorious, hostile and continuous undisputed possession of the 0.37 acre and 0.30 acre tracts shown on Exhibit B.

7. Plaintiff Dockery's possession of the 0.37 and 0.30 acre tracts under known and visible lines (other than the Hocutt garden and Gunter garden) has been actual, open, hostile, continuous and exclusive in excess of 20 years.

Plaintiff attached to his complaint as Exhibit C a copy of the survey recorded in April 1997 adding lines demarcating the Hocutt and Gunter garden plots. Plaintiff's ownership claim is premised upon his clearing, caring for, and using the land in question for a garden and storage for a disputed amount of time between January 1978 and March 1998. In their counterclaim defendants asserted ownership through record title to the land in question pursuant to the deeds recorded in February 1998.

Defendants moved for summary judgment. The motion was denied on 27 July 1999 on the basis that genuine issues of material fact existed. On 20 August 1999 when the case came on for trial, the trial court, upon reviewing the pleadings, entered an order of compulsory reference pursuant to N.C.G.S. § 1A-1, Rule 53. Plaintiff and defendants objected to the order of reference.

After hearing the evidence, the referee filed his report of referee in which he made findings of fact and concluded as a matter of law among other things that "[t]here was no evidence of known and visible lines and boundaries of the property existing for 20 years to identify the extent of any possession claimed"; and "[t]he plaintiff did not have actual, open, hostile, exclusive and continuous possession of the

property for 20 years under known and visible lines and boundaries." The referee denied plaintiff's claim, allowed defendants' claim to quiet title, and vested title to the property in defendants as set out in their respective deeds. Plaintiff filed exceptions to the referee's findings and conclusions, submitted issues, and demanded a jury trial on all issues. Defendants moved that the trial court adopt and render judgment on the referee's report.

The trial court entered an order confirming the referee's findings and conclusions on 30 August 2001. In that order the trial court recited that the court had reviewed the evidence presented to the referee and the exceptions taken by plaintiff. The trial court stated that "[t]he Court, considering the evidence in the light most favorable to the Plaintiff[], could find no material facts that would support a claim for adverse possession of the subject property. The evidence presented is insufficient to raise controverted issues of fact that could support Plaintiff['s] claims." The trial court further concluded that plaintiff failed to offer any evidence from which a jury could find: "(1) the existence for 20 years of known and visible lines and boundaries of the disputed property to identify the extent of any possession claimed; and (2) that Plaintiff['s] possession was actual, open, hostile, exclusive and continuous for 20 years under known and visible lines and boundaries." The trial court denied plaintiff's motion for jury trial, allowed defendants' motion for entry of judgment consistent with the referee's report, adopted the referee's findings and conclusions, and vested title to the property in defendants pursuant to their respective deeds.

On appeal to the Court of Appeals, plaintiff contended that the trial court erred in ordering a compulsory reference, that the trial court erred in adopting the findings and conclusions of the referee, and that the trial court erred in denying plaintiff's demand for jury trial in that genuine issues of fact existed which were properly for resolution by a jury. The Court of Appeals held that any error by the trial court in referring the matter to a referee was "cured by Judge Stephens' Order of Confirmation which indicates that he independently evaluated the evidence presented by both sides and determined that as a matter of law, plaintiff had failed to establish a claim of title by adverse possession." *Dockery v. Hocutt*, 153 N.C. App. 744, 745-46, 571 S.E.2d 81, 82 (2002). The Court of Appeals stated that "the trial court, by independently reviewing the evidence, determined that there were no issues of fact and effectively entered summary judgment on the issue of adverse possession." *Id.* at 746, 571 S.E.2d at 82.

DOCKERY v. HOCUTT

[357 N.C. 210 (2003)]

The majority analyzed the trial court's action in terms of a motion pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6) where matters outside the pleadings are considered and the motion is converted to a motion for summary judgment under N.C.G.S. § 1A-1, Rule 56. *Id.* at 746-47, 571 S.E.2d at 83. Based on its review of the record on appeal, the Court of Appeals further upheld the trial court's order that " 'plaintiff[] has failed to offer any evidence from which a jury could find: (1) the existence for 20 years of known and visible lines and boundaries of the disputed property to identify the extent of any possession claimed; and (2) that Plaintiff['s] possession was actual, open, hostile, exclusive and continuous for 20 years under known and visible lines and boundaries.' " *Id.* at 747, 571 S.E.2d at 83.

The dissenting judge in the Court of Appeals was of the opinion that the pleadings did not require resolution of a complicated boundary dispute or a personal view of the premises and that, hence, a compulsory reference was not permitted by N.C.G.S. § 1A-1, Rule 53(a)(2)(c). *Id.* at 748, 571 S.E.2d at 84 (Greene, J., dissenting). The dissenting judge also disagreed that the trial court effectively entered summary judgment for defendants, noting that on summary judgment defendant would have had the burden to show that plaintiff was unable to present substantial evidence; whereas, in the present case the trial court placed the burden on plaintiff to produce evidence. *Id.* at 749, 571 S.E.2d at 84 (Greene, J., dissenting). The dissenting judge also reasoned that even assuming the trial court's order was tantamount to summary judgment, the order did not cure the prejudicial error resulting from the improper reference for the reason that on a motion pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6), the trial court could not have considered the transcript of the evidence before the referee and would have had only the pleadings upon which to base its decision. Since the complaint sufficiently alleged a claim for adverse possession, plaintiff would have been entitled to a jury trial. *Id.* (Greene, J., dissenting). Finally, the dissenting judge opined that the evidence raised genuine issues of material fact with respect to each of the elements of adverse possession. *Id.* at 749-50, 571 S.E.2d at 84 (Greene, J., dissenting).

[1] On appeal to this Court, plaintiff first argues that the trial court erred by ordering a compulsory reference. We disagree. Rule 53(a)(2) of the North Carolina Rules of Civil Procedure provides that where the parties do not consent to a reference, a trial court may order a reference on its own motion "[w]here the case involves a complicated question of boundary, or requires a personal view of the premises." N.C.G.S. § 1A-1, Rule 53(a)(2)(c) (2001).

**DOCKERY v. HOCUTT**

[357 N.C. 210 (2003)]

This Court has held that " '[t]he ordering or refusal to order a compulsory reference in an action which the court has authority to refer is a matter within the sound discretion of the court.' " *Long v. Honeycutt*, 268 N.C. 33, 41, 149 S.E.2d 579, 585 (1966)[2] (quoting *Rudisill v. Hoyle*, 254 N.C. 33, 46, 118 S.E.2d 145, 154 (1961)). When a decision is discretionary with the trial court, the standard for appellate review is whether the trial court abused its discretion. *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985). "A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason." *Id.* The pleadings in this case, including the exhibits to plaintiff's complaint, reveal that resolution of the issues would require the determination of the boundaries of an irregularly shaped tract of land surrounded by no fewer than twelve discrete lots. As in *Sledge v. Miller*, 249 N.C. 447, 106 S.E.2d 868 (1959), the location of the known and visible lines and boundaries marking the land plaintiff adversely possessed was the complicated question of boundary required by Rule 53(a)(2)(c) that formed the basis for the reference in this case. *Id.* at 450, 106 S.E.2d at 872. Considering the type of evidence necessary to prove the elements of adverse possession, we cannot say as a matter of law that plaintiff's claim did not require a reference or that the trial court could not reasonably conclude from a review of the pleadings that resolution of the issues would involve a complicated question of boundary or require a personal view of the site. We, therefore, hold that the trial court had authority to order and did not abuse its discretion in ordering the reference.

[2] Plaintiff's remaining three arguments relate to plaintiff's contention that the Court of Appeals erred in holding that the order of confirmation constituted summary judgment. Plaintiff argues that this holding was error in that (i) defendants' motion for summary judgment had previously been denied, and one superior court judge cannot allow a summary judgment previously denied by another on the same issues; (ii) the complaint was sufficient to state a claim for adverse possession; and defendants, having the burden of proof as the moving party, had not shown that plaintiff would be unable to prove any element of his claim; and (iii) plaintiff had presented evidence of each element of adverse possession sufficient to take the

---

2. This case was decided before the effective date of the North Carolina Rules of Civil Procedure. Nonetheless, the pertinent substance of the current Rule 53(a)(2) and the former statute, N.C.G.S. § 1-189 (1953) (repealed 1967), is identical. Thus, despite the intervening passage of the Rules of Civil Procedure, this case still has precedential value.

case to the jury. We are not persuaded that these arguments provide plaintiff with a basis for relief.

At the outset we note that defendants' summary judgment motion; supporting affidavits, if any; and the trial court's order thereon are not in the record on appeal. Thus, this Court cannot review plaintiff's contention that the Court of Appeals erred on the basis that one trial judge cannot allow a summary judgment previously denied by another on the same issue. *See* N.C. R. App. P. 9(a)(1)(j).

The dissenting judge properly noted that when the trial court entered the order of confirmation, the court had before it the transcript of the testimony at the hearing before the referee and the exhibits, heard arguments of counsel, and made an independent determination from the evidence that plaintiff had not satisfied his burden of showing evidence of all the elements of adverse possession. *Dockery*, 153 N.C. App. at 749, 571 S.E.2d at 84. On a motion for summary judgment, defendants as movants would have had the burden to show that plaintiff could not adduce evidence of an essential element of his claim and that no genuine issue of material fact existed, thereby entitling defendants to judgment as a matter of law. *See Roumillat v. Simplistic Enters., Inc.*, 331 N.C. 57, 62-63, 414 S.E.2d 339, 341-42 (1992).

Rule 53(b)(2)(c) provides that "[i]f there is a trial by jury upon any issue referred, the trial shall be only upon the evidence taken before the referee." N.C.G.S. § 1A-1, Rule 53(b)(2)(c). Thus, when the trial court reviews a referee's order, the claimant has been put to the full burden of proof; and the trial court has before it all the testimony, including cross-examination, not merely a forecast of the evidence. Given the limitation imposed by Rule 53(b)(2)(c), the trial court in ruling on a party's demand for jury trial following a compulsory reference is in a position analogous to that of a trial judge in ruling on a motion for directed verdict pursuant to Rule 50 of the North Carolina Rules of Civil Procedure at the close of all evidence. This Court has stated:

> The question raised by [a motion for directed verdict] is whether the evidence is sufficient to go to the jury. In passing upon such motion the court must consider the evidence in the light most favorable to the non-movant. That is, "the evidence in favor of the non-movant must be deemed true, all conflicts in the evidence must be resolved in his favor and he is entitled to the benefit of

every inference reasonably to be drawn in his favor." *Summey v. Cauthen*, [283 N.C. 640, 647, 197 S.E.2d 549, 554 (1973)]. It is only when the evidence is insufficient to support a verdict in the non-movant's favor that the motion should be granted.

*Rappaport v. Days Inn of America, Inc.*, 296 N.C. 382, 384, 250 S.E.2d 245, 247 (1979) (citations omitted), *overruled in part on other grounds by Nelson v. Freeland*, 349 N.C. 615, 507 S.E.2d 882 (1998). Under the North Carolina Constitution, a party has a right to a jury trial in "all controversies at law respecting property." N.C. Const. art. I, § 25. This constitutional right to a jury trial preserved in Rule 53(b)(2) and properly asserted procedurally by plaintiff in this case is not absolute, however. *N.C. Nat'l Bank v. Burnette*, 297 N.C. 524, 537, 256 S.E.2d 388, 396 (1979). The right "is premised upon a preliminary determination by the trial judge that there indeed exist genuine issues of fact and credibility which require submission to the jury." *Id.* Moreover, this Court has recognized in certain cases credibility is manifest as a matter of law but that no general rule can be stated to determine whether credibility is manifest in a particular case. *Id.* at 536-37, 256 S.E.2d at 395.

Although the opinion predates the current Rules of Civil Procedure, in *Nantahala Power & Light Co. v. Horton*, 249 N.C. 300, 106 S.E.2d 461 (1959), this Court applied the Rule 50 standard in reviewing a compulsory reference. The Court held that the respondents were entitled to a jury trial only if the evidence taken before the referee supported more than nominal damages in respect to mineral and water-power rights, thereby requiring the respondents as the claimants to have produced evidence to substantiate submission of the contended issue of fact. *Id.* at 306, 106 S.E.2d at 465. This standard would also be applicable if the case were tried without a reference. *See State v. Brooks*, 275 N.C. 175, 188, 166 S.E.2d 70, 77 (1969). Accordingly, we hold that following a compulsory reference, the test to determine a demand for jury trial is the same as that for a motion for directed verdict pursuant to Rule 50 of the North Carolina Rules of Civil Procedure.

We now address plaintiff's contention that the Court of Appeals erred in affirming the order of confirmation for the reason that plaintiff had presented sufficient evidence of each element of adverse possession to take the case to the jury. The law is that

[o]ne may assert title to land embraced within the bounds of another's deed by showing adverse possession of the portion

claimed for twenty years under known and visible lines and boundaries (G.S. 1-40), but his claim is limited to the area actually possessed, and the burden is upon the claimant to establish his title to the land in that manner.

*Wallin v. Rice*, 232 N.C. 371, 373, 61 S.E.2d 82, 83 (1950); *see also Carswell v. Town of Morganton*, 236 N.C. 375, 377-78, 72 S.E.2d 748, 749 (1952). The adverse nature of the possession was defined thusly in *Locklear v. Savage*:

It consists in actual possession, with an intent to hold solely for the possessor to the exclusion of others, and is denoted by the exercise of acts of dominion over the land, in making the ordinary use and taking the ordinary profits of which it is susceptible in its present state, such acts to be so repeated as to show that they are done in the character of owner, in opposition to right or claim of any other person, and not merely as an occasional trespasser. It must be decided and notorious as the nature of the land will permit, affording unequivocal indication to all persons that he is exercising thereon the dominion of owner.

159 N.C. 236, 237-38, 74 S.E. 347, 348 (1912). Hence, the possession must be "open, notorious, and adverse." *Wilson Cty. Bd. of Educ. v. Lamm*, 276 N.C. 487, 490, 173 S.E.2d 281, 283 (1970). Additionally, the claimant may claim title by adverse possession only when he "has possessed the property under known and visible lines and boundaries . . . for 20 years." N.C.G.S. § 1-40 (2001).

Measured by this burden of proof, plaintiff's evidence, when considered in the light most favorable to plaintiff with every inference drawn in plaintiff's favor, is not sufficient to take the case to the jury. A review of the record reveals that it is devoid of evidence of known and visible boundaries as to six of the twelve lots surrounding the land. Five lots were at some point marked by fences, and one lot was at some point marked by a tree line; but even as to these lots the record is devoid of evidence that these boundaries were known and visible for the entire, required twenty-year period. Moreover, in his pleadings plaintiff alleges that the property to which plaintiff now claims title by adverse possession was originally part of a 1.43-acre tract shown on Exhibit A to the complaint. The east boundary of the property to which plaintiff now claims title was not established until the 0.67 acres was conveyed to defendants in 1998 as shown on Exhibit B to the complaint. According to Exhibit A the east boundary of the 1.43-acre tract was an undeterminable number of feet from the

east boundary shown on the 1997 survey, Exhibit B. Thus, from the evidence of record, what east boundary plaintiff claimed prior to 1997 is left to pure speculation. Plaintiff must adduce evidence demonstrating known and visible lines and boundaries on the ground. *See Scott v. Lewis*, 246 N.C. 298, 302, 98 S.E.2d 294, 297-98 (1957). Plaintiff must also demonstrate the existence of these boundaries for the requisite twenty-year period. *Id.*; N.C.G.S. § 1-40. In the record before this Court, nothing identifies the boundaries as they existed in January 1978, the date, according to his testimony, that plaintiff's adverse possession of the property commenced. Plaintiff introduced into evidence a survey prepared in 1997 to substantiate his claim. However, this map does not suffice to establish known and visible boundaries for twenty years. *See Brooks*, 275 N.C. at 181, 166 S.E.2d at 73. The location of these boundaries is critical inasmuch as plaintiff can claim title only to that land he has actually possessed. *Id.* at 187, 166 S.E.2d at 77. Plaintiff having failed to satisfy this element of adverse possession, his claim to title to the property also fails.

The Court of Appeals additionally concluded as did the trial court that plaintiff's evidence was not sufficient to show open, notorious, exclusive, and hostile possession. Having concluded that plaintiff's claim fails for the above-stated reason, we decline to address this additional issue.

[3] Finally, we note that the trial court adopted all findings and conclusions of the referee. On review of a compulsory reference, this action by the trial court was error. Under Rule 53(g)(2), the trial court "after hearing may adopt, modify or reject the [referee's] report in whole or in part, render judgment, or may remand the proceedings to the referee with instructions." N.C.G.S. § 1A-1, Rule 53(g)(2). Rule 53 does not differentiate between reference by consent and compulsory reference in authorizing permissible action by the trial court after a reference. In applying Rule 53 as codified in the statute, we must construe the provisions *in pari materia* and give effect as nearly as possible to every provision. *See Brown v. Flowe*, 349 N.C. 520, 523-24, 507 S.E.2d 894, 896 (1998). Consistent with this canon of construction and with a party's right to jury trial following a compulsory reference, we hold that in the context of a compulsory reference the trial court cannot adopt in full a referee's report containing findings of fact requiring assessment of witnesses' credibility. The trial court must, however, evaluate the evidence to determine if, taken in the light most favorable to the party demanding jury trial, the evi-

dence is sufficient to support that party's claim. If the evidence is insufficient as a matter of law to support the party's claim, the trial court may modify the report by striking the offending findings of fact and making its own conclusions, may adopt the report in part exclusive of those findings of fact and make its own conclusions, or may reject the report and then enter judgment.

In this case the trial court's error was not prejudicial, however, in that the trial court also reviewed the evidence and concluded that taken in the light most favorable to plaintiff, the evidence presented was insufficient to raise controverted issues of fact that would support plaintiff's claim. In particular, plaintiff failed to offer any evidence from which a jury could find the existence for twenty years of known and visible lines and boundaries of the disputed property to identify the extent of any possession claimed. Adoption by the trial court of the findings and conclusions of the referee was, therefore, surplusage. *See Britt v. Allen*, 291 N.C. 630, 635, 231 S.E.2d 607, 612 (1977) (holding that a statement in the order that the trial court had committed unspecified errors of law was surplusage and did not effect the trial court's discretionary ruling).

For the reasons stated herein, the opinion of the Court of Appeals is affirmed as modified.

MODIFIED AND AFFIRMED.