JERRY O. JERNIGAN, ET AL., PLAINTIFFS v. LOYDE EARL HERRING, ET AL.,
DEFENDANTS

No. COA05-1233

(Filed 5 September 2006)

**1. Adverse Possession— denial of motions for directed verdict and judgment notwithstanding verdict—exclusivity element**

The trial court did not err by denying plaintiffs' motions for both directed verdict and judgment notwithstanding the verdict based on a jury verdict concluding that defendants acquired title to certain real estate by adverse possession, because: (1) although plaintiffs now assert defendants failed to present sufficient evidence that defendants' possession was under known and visible lines, that defendants' possession was open and notorious, and that defendants' possession was adverse and exclusive, plaintiffs only argued insufficient evidence of the exclusivity element at trial; (2) although plaintiffs contend defendants' occupation of the cemetary lot which encompassed more than the actual burial plots was not exclusive as defendants necessarily shared the land with actual deceased persons, plaintiffs concede they can find no case law on point to support this argument; (3) the exclusion element of adverse possession contemplates the exclusive use of the ordinary functions of the type of land at issue given its present state; and (4) testimony provided more than a scintilla of evidence that defendants made exclusive use of Lots 19, 25, and 30, in their present ordinary use as farmland for the requisite statutory period.

**2. Appeal and Error— preservation of issues—failure to object at trial**

Although plaintiffs contend the trial court erred by allegedly improperly instructing the jury in response to a question posed by the jury regarding the intent necessary to establish adverse possession, this assignment of error is dismissed because plaintiffs did not object to the instructions at trial, and thus, have failed to preserve this issue for appellate review under N.C. R. App. P. 10(b)(2).

Appeal by plaintiffs from judgment entered 17 March 2005 by Judge Russell J. Lanier, III in Sampson County Superior Court. Heard in the Court of Appeals 9 May 2006.

JERNIGAN v. HERRING

[179 N.C. App. 390 (2006)]

*McLeod & Harrop, by Donald E. Harrop, Jr., for plaintiffs-appellants.*

*James D. Johnson, Jr.; and Woodruff, Reece & Fortner, by Gordon C. Woodruff and Michael J. Reece, for defendants-appellees.*

GEER, Judge.

Plaintiffs Jerry G. Jernigan, George J. Jernigan, Jr., and Learry L. Warren appeal from a jury verdict and resulting judgment concluding that defendants Laurastine Lee Rayfield, James E. Rayfield, Sr., Wilma Lee Albrecht, Robert Lee Albrecht, Loyde Earl Herring, Sylvia K. Herring, Loyde Ray Herring, Javier E. Pacheco, Michelle N. Pacheco, American General Finance, Inc., Wade Allen Lewis, Cecil Lee Williford, Robert Eugerald Williford, and Sue Jernigan-Smith acquired title to certain real estate by adverse possession. On appeal, plaintiffs argue that defendants failed to offer evidence of each of the elements of adverse possession, and the trial court, therefore, erred in denying plaintiffs' motions for both a directed verdict and judgment notwithstanding the verdict. Because plaintiffs argued at trial only that defendants failed to present sufficient evidence of their exclusive possession of the property, our review is limited solely to that issue. Based upon our review of the record, we hold defendants presented sufficient evidence of exclusive use and, accordingly, the trial court properly denied plaintiffs' motions.

## Facts

In the early 1900s, Moses Lee and his wife, Lucy, owned a large parcel of land consisting of over 180 acres in Sampson County (the "Large Lot"). In 1912, the Lees deeded a two acre triangular tract out of the Large Lot to Bud Jernigan and his heirs for use as a private cemetery (the "Cemetery Lot"). The following two deed transfers of the Large Lot, occurring in 1916 and 1925, specifically excepted the Cemetery Lot from the property conveyed. Subsequent deed transfers, however, merely referenced the 1925 deed without mentioning the Cemetery Lot.

The Cemetery Lot currently contains about eight gravestones. 1946 was the last year that anyone was buried in the Cemetery Lot; that person's remains and headstone were, however, later moved to another cemetery. Of the gravestones still in the Cemetery Lot, the most recent burial occurred in 1907.

JERNIGAN v. HERRING

[179 N.C. App. 390 (2006)]

In 1954, defendants Laurastine Lee Rayfield and Wilma Lee Albrecht acquired the Large Lot by a deed that, again, made no mention of the Cemetery Lot and instead only referred back to the 1925 transfer. Rayfield and Albrecht managed the property as a farm continuously from 1954 until 1995.

In 1995, Rayfield and Albrecht hired an auctioneer and a surveyor, and the entire property—including both the Large Lot and the Cemetery Lot—was split into smaller tracts to be sold. One of the tracts, Lot 29, included all of the actual gravestones and, like the original Cemetery Lot, was two acres in size. In an effort, however, to increase the road frontage provided to other lots, the boundaries of Lot 29 were different from those of the original Cemetery Lot. As a result, Lots 19, 25, and 30 all contained portions of the original Cemetery Lot. Lot 29 was later conveyed to Sue Jernigan-Smith to be held in trust for use as the Jernigan family burial ground. Lot 19 was conveyed to defendants Javier E. Pacheco and Michelle N. Pacheco; Lot 25 to defendants Loyde Earl Herring, Sylvia K. Herring, and Loyde Ray Herring; and Lot 30 to defendants Cecil Lee Williford and Robert Eugerald Williford.

On 11 December 2002, plaintiffs filed a complaint in Sampson County Superior Court alleging that they were the direct descendants of Bud Jernigan and seeking a declaratory judgment that they had superior title in the Cemetery Lot to that of any of the defendants. In answer, defendants alleged that they had obtained superior title of those portions of the Cemetery Lot not including the actual burial plots through adverse possession. Defendants had farmed the lot with the exception of a 25- to 30-foot area around the gravestones. The case proceeded to trial and, on 23 February 2005, the jury rendered a verdict concluding that defendants had in fact obtained title to Lots 19, 25, and 30 by adverse possession. The trial court entered judgment accordingly, and plaintiffs timely appealed to this Court.

## Discussion

[1] Plaintiffs first argue that the trial court erred by denying their motions for a directed verdict and judgment notwithstanding the verdict. When considering a motion for a directed verdict, a trial court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of every reasonable inference arising from the evidence. *Clark v. Moore*, 65 N.C. App. 609, 610, 309 S.E.2d 579, 580 (1983). Any conflicts and inconsistencies in the evidence must be resolved in favor of the non-moving party. *Davis & Davis Realty Co. v. Rodgers*, 96 N.C. App. 306, 308-09, 385 S.E.2d

539, 541 (1989), *disc. review denied*, 326 N.C. 263, 389 S.E.2d 112 (1990). If there is more than a scintilla of evidence supporting each element of the non-moving party's claim, the motion for a directed verdict should be denied. *Clark*, 65 N.C. App. at 610, 309 S.E.2d at 580-81. The same standard applies to motions for judgment notwithstanding the verdict. *Smith v. Price*, 315 N.C. 523, 527, 340 S.E.2d 408, 411 (1986).

At trial, a party is required to state the specific grounds for the motion for a directed verdict, N.C.R. Civ. P. 50(a), and this Court's review on appeal of the denial of that motion is "limited to those grounds asserted by the moving party before the trial court." *Jones v. GMRI, Inc.*, 144 N.C. App. 558, 564, 551 S.E.2d 867, 872 (2001), *cert. improvidently allowed*, 355 N.C. 275, 559 S.E.2d 787 (2002). "Moreover, a 'motion for judgment notwithstanding the verdict is technically only a renewal of the motion for a directed verdict made at the close of all the evidence, and thus [a] movant cannot assert grounds not included in the motion for directed verdict.' " *Id.* (alteration in original) (quoting *Lee v. Capitol Tire Co.*, 40 N.C. App. 150, 156, 252 S.E.2d 252, 256-57, *disc. review denied*, 297 N.C. 454, 256 S.E.2d 807 (1979)).

With respect to the elements of a claim of adverse possession, " '[o]ne may assert title to land embraced within the bounds of another's deed by showing adverse possession of the portion claimed for twenty years under known and visible lines and boundaries (G.S. 1-40), but his claim is limited to the area actually possessed, and the burden is upon the claimant to establish his title to the land in that manner.' " *Dockery v. Hocutt*, 357 N.C. 210, 217-18, 581 S.E.2d 431, 436 (2003) (quoting *Wallin v. Rice*, 232 N.C. 371, 373, 61 S.E.2d 82, 83 (1950)). *See also* N.C. Gen. Stat. § 1-40 (2005) (defining statutory time frame for adverse possession). Further, the "possession must be 'open, notorious, and adverse.' " *Dockery*, 357 N.C. at 218, 581 S.E.2d at 437 (quoting *Wilson County Bd. of Educ. v. Lamm*, 276 N.C. 487, 490, 173 S.E.2d 281, 283 (1970)). "Successive adverse users in privity with prior adverse users can tack successive adverse possessions of land so as to aggregate the prescriptive period . . . ." *Merrick v. Peterson*, 143 N.C. App. 656, 663, 548 S.E.2d 171, 176, *disc. review denied*, 354 N.C. 364, 556 S.E.2d 572 (2001).

On appeal, plaintiffs assert that defendants failed to present sufficient evidence of the following elements of adverse possession: (1) that defendants' possession was under known and visible lines; (2) that defendants' possession was open and notorious; and (3) that

defendants' possession was adverse and exclusive. The transcript, however, reveals that, at trial, plaintiffs argued only the insufficiency of the evidence as to the exclusivity element. Consequently, the only issue preserved for review in this Court with respect to adverse possession is whether defendants presented at least a scintilla of evidence that they had "exclusive possession of the property for the requisite statutory period of twenty years." *Lancaster v. Maple St. Homeowners Ass'n*, 156 N.C. App. 429, 438, 577 S.E.2d 365, 372, *appeal dismissed and disc. review denied in part*, 357 N.C. 251, 582 S.E.2d 272, *aff'd per curiam in part*, 357 N.C. 571, 597 S.E.2d 672 (2003).[1]

As was the case before the trial court, plaintiffs' sole argument on appeal as to why defendants failed to present adequate evidence of exclusive possession is that "cemeteries, because of their unique nature, are occupied and possessed by the persons actually buried in the ground . . . ." Plaintiffs contend that defendants' occupation of the Cemetery Lot—which encompassed more than the actual burial plots—was, therefore, "not exclusive," as defendants necessarily shared the land with "actual[] . . . deceased persons." Plaintiffs "concede [they] can find no case law on point to support this theory . . . ."

For possession of property to be exclusive, "other people must not make similar use of the land during the required statutory period." *McManus v. Kluttz*, 165 N.C. App. 564, 574, 599 S.E.2d 438, 446 (2004). Regarding the nature of the use required, actual possession to the exclusion of others

> "is denoted by the exercise of acts of dominion over the land, in making the ordinary use and taking the ordinary profits of which *it is susceptible in its present state*, such acts to be so repeated as to show that they are done in the character of owner, in opposition to right or claim of any other person, and not merely as an occasional trespasser."

*New Covenant Worship Ctr. v. Wright*, 166 N.C. App. 96, 103-04, 601 S.E.2d 245, 251 (2004) (emphasis added) (quoting *Locklear v. Savage*, 159 N.C. 236, 237-38, 74 S.E. 347, 348 (1912)). Thus, the exclusion element of adverse possession contemplates the exclusive use of the ordinary functions of the type of land at issue, given its present state. *See, e.g., Stone v. Conder*, 46 N.C. App. 190, 198, 264 S.E.2d 760, 765

---

1. Because defendants have not contended that they adversely possessed the land constituting the actual burial plots, we do not address whether that land could have been acquired through adverse possession.

JERNIGAN v. HERRING

[179 N.C. App. 390 (2006)]

(" '[T]he acts relied upon to establish [adverse] possession must always be as distinct *as the character of the land reasonably admits of* and be exercised with sufficient continuity to acquaint the true owner with the fact that a claim of ownership, in denial of his title is being asserted.' " (emphasis added; second alteration in original) (quoting *Alexander v. Cedar Works*, 177 N.C. 137, 144-45, 98 S.E. 312, 315 (1919)), *disc. review denied*, 301 N.C. 105 (1980).

Here, defendant Eugerald Williford testified that his father had farmed the Cemetery Lot for Rayfield and Albrecht as a sharecropper from the 1960s until the 1995 auction. Mr. Williford explained that they had "farmed up to" a 25- to 30-foot area directly surrounding the gravestones and even cleared the gravestone area of brush every spring. There was no evidence that plaintiffs made any use whatsoever of the Cemetery Lot during that time. Moreover, defendants offered evidence that there had not been a burial in the Cemetery Lot in nearly 60 years, and no one (other than defendants) had been maintaining the graves in the lot. Instead, as plaintiff Jerry O. Jernigan admitted at trial, the land is now "grown up around the stones, mostly [with] briars." This testimony provides more than a scintilla of evidence that the defendants made exclusive use of Lots 19, 25, and 30, in their present ordinary use as farmland, for the requisite statutory period. The trial court, therefore, properly denied the motions for a directed verdict and for judgment notwithstanding the verdict.

[2] Plaintiffs also contend that the trial court erred by improperly instructing the jury, in response to a question posed by the jury, regarding the intent necessary to establish adverse possession. Plaintiffs did not object to the judge's instruction at trial, and, consequently, they have failed to preserve this issue for appellate review. *See* N.C.R. App. P. 10(b)(2) ("A party may not assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds of his objection . . . ."); *Seafare Corp. v. Trenor Corp.*, 88 N.C. App. 404, 410, 363 S.E.2d 643, 649 (appellant could not challenge on appeal trial court's supplemental instructions to the jury when it did not object at trial to the instructions), *disc. review denied*, 322 N.C. 113, 367 S.E.2d 917 (1988). This assignment of error is, therefore, overruled.

No error.

Judges WYNN and STEPHENS concur.