### J. R. WALLIN v. FRED RICE.

(Filed 20 September, 1950.)

**Adverse Possession § 3—**

> While the possession of one entering upon lands under a deed describing same by metes and bounds is constructively extended to the outermost bounds set out in the deed, such constructive possession does not cover that portion of the land in the actual adverse possession of another, and therefore possession of a part of the boundary described in a deed for more than twenty years does not preclude a claim of adverse possession of a part of the tract by the owner of contiguous lands who has introduced evidence of actual, continuous and hostile possession of such part under known and visible lines and boundaries for more than twenty years.

APPEAL by defendant from *Alley, Emergency Judge,* January Term, 1950, of MADISON.  New trial.

This was a suit to determine the title to land and to recover damages for trespass thereon.

Issues were submitted to the jury and answered as follows:

"1. Is the plaintiff the owner and entitled to recover the possession of the lands described in his complaint?  Answer: Yes.

"2. Did the defendant enter upon said lands and wrongfully cut and remove merchantable timber therefrom, as alleged in the complaint? Answer: Yes.

"3. What damage, if any, has the plaintiff sustained by reason of the cutting and removal of said timber?  Answer: $50.00.

"4. Has the defendant been in the actual, open, continuous, notorious, uninterrupted, exclusive and adverse possession of said lands described in his answer and further defense under known and visible lines and boundaries for a period of more than twenty years next before this action was brought, as alleged in his answer and further defense?  Answer:.........

"5. Has the plaintiff wrongfully trespassed on the lands of the defendant, referred to in Issue No. 4, and removed timber therefrom, to the injury of the defendant, as alleged in his answer?  Answer:.........

"6. What damage, if any, is the defendant entitled to recover of the plaintiff by reason thereof?  Answer:............"

From judgment on the verdict defendant appealed.

*J. M. Baley, Jr., and Carl R. Stuart for plaintiff, appellee.*
*Clyde M. Roberts and John H. McElroy for defendant, appellant.*

DEVIN, J.  Defendant's motion for judgment of nonsuit was properly denied, but we think there was error in the court's instructions to the jury entitling the defendant to a new trial.

The plaintiff's evidence tended to show that in 1911 he entered into possession of a tract of 126 acres of land under a deed which described the land by metes and bounds, and has lived on it ever since, cultivating a portion, devoting a portion to grazing, using wood and timber, and that defendant has entered on a small triangular shaped parcel of this land on the southeast side thereof and cut and removed timber.

Defendant owns a tract of 50 acres of land south of plaintiff's tract but the bounds set out in his deed do not extend beyond or across plaintiff's lines, and defendant admitted he had no deed covering the land in controversy, and that he claimed title to the *locus*—the triangle—only by adverse possession for twenty years.  This triangle projects northward from defendant's land into the area included within the boundaries of plaintiff's deed.  Defendant testified in substance that he had exercised

acts of ownership on this triangle, making the ordinary use and taking the ordinary profits of which the land was susceptible, cutting timber, and planting patches of beans in the open woodland, and that those acts of possession were done openly, continuously and adversely for more than twenty years. There was also evidence tending to show that the western leg of the triangle was denoted by a wire fence separating the disputed land from the remainder of plaintiff's land, and the eastern leg by a well defined mountain ridge. At the apex was a walnut tree and at the southwest corner was a depression where a corner Spanish oak had stood.

Though the defendant's evidence was sharply contradicted, it is apparent that it was sufficient to go to the jury on the issue of adverse possession of the disputed area.

The court charged the jury as follows: "I charge you then, gentlemen, on that first issue, that if you find by the greater weight of the evidence that the plaintiff is the owner of a paper title such as he has described and has been introduced in here, and that he is in possession of a part of a boundary described in his deeds and title, and has been in possession of it fifty years, that he has used the land for all purposes for which they are susceptible and suitable, and he has got a house on it, he is in possession of any part of it, then I charge you that his possession would extend to the outermost boundaries of his deeds; and if you so find it will be your duty to answer the first issue yes. If you fail to so find it will be your duty to answer the first issue no." The court then instructed the jury if they answered the first and second issue yes, they need not answer the fourth issue, the issue addressed to defendant's claim of title by adverse possesion. This issue was not answered.

The court correctly instructed the jury that where land is entered under a deed describing it by metes and bounds and this entry is followed by adverse possession of a portion of the land, the law would extend constructively such possession to the outermost bounds set out in the deed. But there was omission to state in this connection the exception to this rule that such constructive possession would not cover that portion of the land in the actual adverse possession of another. One may assert title to land embraced within the bounds of another's deed by showing adverse possession of the portion claimed for twenty years under known and visible lines and boundaries (G.S. 1-40), but his claim is limited to the area actually possessed, and the burden is upon the claimant to establish his title to the land in that manner. What constitutes adverse possession of land has been many times stated by this Court. *Currie v. Gilchrist,* 147 N.C. 648, 61 S.E. 581; *Locklear v. Savage,* 159 N.C. 236, 74 S.E. 347; *Alexander v. Cedar Works,* 177 N.C. 137, 98 S.E. 312; *Berry v. Coppersmith,* 212 N.C. 50, 193 S.E. 3; *Vance v. Guy,* 223 N.C. 409, 27 S.E. 2d 117.

The defendant here offered no evidence to contradict the testimony that the description in plaintiff's deed covered the disputed triangle, or that plaintiff had resided on the occupied portions of the land described in his deed since 1911. But defendant claimed he had acquired title to this triangle by adverse possession for twenty years. While his evidence of adverse possession was stoutly denied by the plaintiff, we think he has offered enough to entitle him to present his case to the jury under a proper issue addressed to that question.

New trial.