IN THE SUPREME COURT OF NORTH CAROLINA

No. 25A13

FILED 13 JUNE 2013

GROVER FRANKLIN MINOR and CAROLEEN W. MINOR

v.

SANDRA ANN MINOR

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, ___ N.C. App. ___, 737 S.E.2d 116 (2012), affirming a judgment entered on 30 August 2011 and an order denying post-trial motions entered on 23 September 2011, all by Judge Jan H. Samet in District Court, Guilford County. Heard in the Supreme Court on 6 May 2013.

> *Rossabi Black Slaughter, P.A., by Gavin J. Reardon and T. Keith Black, for plaintiff-appellees.*
>
> *Tuggle Duggins P.A., by Jeffrey S. Southerland, Denis E. Jacobson, and Brandy L. Mills, for defendant-appellant.*

EDMUNDS, Justice.

Although defendant-appellant Sandra Minor (defendant) alleged in her counterclaim and at trial that she became the owner of an entire parcel of land through adverse possession, she argued on appeal that the trial court erred in failing to instruct the jury that it could find she adversely possessed some portion of the parcel. We conclude that the trial court's instructions were consistent both with

defendant's pleading and with her evidence that she adversely possessed the entire tract. Accordingly, we affirm the opinion of the Court of Appeals.

Plaintiff-appellees Grover and Caroleen Minor (plaintiffs) are the parents of defendant's former husband, Tyson Minor (Tyson). Plaintiffs have held title to the disputed property, 23.72 acres located at 7949 Valley Falls Road, Greensboro, North Carolina, since 19 April 1972. Approximately eight acres of the property are improved land surrounding and including a small cabin or house. The rest of the parcel is steep and heavily wooded in some parts and swampy in others.

Defendant married Tyson in 1980 and they began living on the property around 1984. They made several improvements to the site, including building a bridge over a ravine, adding heat, power, and running water to the house, and erecting an arbor. Defendant testified that plaintiffs neither gave permission for these improvements nor made any monetary contribution toward the work.

Defendant and Tyson separated in 2001. Tyson moved away from the property, while defendant continued living there alone. Plaintiffs did not question defendant's presence on and use of the property while she and Tyson were separated, but when Tyson began divorce proceedings in 2008, plaintiffs demanded defendant vacate the property. She refused. In 2010, plaintiffs filed a complaint for summary ejectment against defendant and on 16 March 2010, obtained a judgment in their favor. On 25 March 2010, defendant appealed the summary ejectment

judgment, then on 23 April 2010, filed an answer and counterclaim to, *inter alia*, quiet title by way of adverse possession.

Plaintiffs' complaint referred to the property at issue as 7949 Valley Falls Road in Greensboro. In her answer and counterclaim, defendant also described the contested area as the "7949 Valley Falls Road property" and averred that she has lived continuously on "the Property" "since on or before the mid-1980s." A pretrial order was filed on 20 July 2011, noting that the parties might include in their exhibits a survey of the property and a "Guilford County Tax Map reflecting location and boundaries of the Property." This order also contained a stipulation signed by counsel for both sides that the sole issue for the jury would be "[w]hether [defendant] Sandy Minor is entitled to the Property by adverse possession[.]"

Although defendant testified at trial that only approximately eight acres of the tract were developed and that the improvements she described had been limited to those eight acres, her testimony and supporting evidence consistently indicated that she contended she owned the entire parcel and that her adverse possession claim encompassed all the subject property. Defendant's tenth exhibit was a survey of the property. This survey is included in the appendix to defendant's new brief and is labeled "Preliminary." In her testimony identifying the survey prior to its introduction into evidence, defendant was asked about the extent of the property:

> Q. How many acres is the 7949 Valley Falls Road property total?

> A.    23.72.
>
> Q.    23.72 acres[?]
>
> A.    Yes.
>
> Q.    That's the whole piece[?]
>
> A.    That's the whole piece.

Defendant added that the survey illustrated various zones and boundaries on the property and that a line drawn across the property in the survey separated the portion of the lot where the house and other improvements were situated from the swampy and hilly portions. When defendant was asked if she claimed all the land depicted in the survey or just the portion on the side of the line that contained the house, she responded that she adversely possessed the entire tract. When asked if she made "any efforts to conceal the fact that you were living on this -- the entire 23 acres," defendant responded, "No, I did not." Later, when defendant again was asked, "[Y]ou're not here saying you just own the house. You're saying you own that whole land," her response was unequivocal: "Right." The record is devoid of evidence even implying that defendant sought adverse possession of anything less than the 23.72 acres.

At the close of all the evidence, defendant submitted a proposed instruction that would have permitted the jury to find in the alternative that she adversely possessed only a portion of the property. Specifically, defendant's proposed instruction relating to the element of actual possession included the following: "If

the other elements of adverse possession are met, [defendant] is entitled to adversely possess all property actually possessed by her." The other pertinent portion of defendant's proposed instruction reads:

> If on the first issue as to whether [defendant] is entitled to any of the real estate located at 7949 Valley Falls Road by way of adverse possession your answer is yes, it shall be your duty to determine what portion of the property [defendant] has adversely possessed and whether that portion is all or some lesser portion of the 23.72 acres comprised by the piece of property.

Plaintiffs' attorneys opposed defendant's requested instruction and drew the trial court's attention to the pattern jury instruction on adverse possession, which the trial court said it already had reviewed several times. The trial court declined to include defendant's proposed language in its instructions relating to adverse possession and generally followed the pattern instruction as to the elements of the claim.

At the conclusion of the instructions but before the jury began deliberating, defendant again objected to the omission of the proposed language that would "allow[ ] the jury to determine if she possessed something less than the entire 23-acre parcel in the event that that portion of the property was actually possessed." Plaintiffs' counsel responded that the request did not conform to defendant's evidence that she was seeking possession of the entire tract. The trial court again denied defendant's request.

During deliberations, the jury sent out several questions, one of which was: "Is it within our power to divide the property?" After consulting with counsel, the trial court responded to the question by instructing the jury that:

> Now, you've asked about the -- was it -- was it in your power to divide the property. And my answer to that question is my instruction said to you initially that you were to decide the question of whether or not the property located at 7949 Valley Falls Road was actually possessed by -- by [defendant]. And that is as far as I am able to go today.

The jury thereafter returned a verdict finding that defendant did not meet all requirements to own the property by adverse possession.

Defendant appealed, arguing that the trial court's refusal to give the requested instruction regarding adverse possession of some of the property was prejudicial error. In a divided decision, the Court of Appeals majority affirmed "the trial court's decisions and the jury's verdict." *Minor v. Minor*, ___ N.C. App. ___, ___, 737 S.E.2d 116, 120 (2012). In response to defendant's argument that "the trial court erred in denying her request for an instruction on acquiring title to less than the entire tract," the majority opinion concluded that she "failed to show that the jury was misled or that the verdict was affected by the trial court's failure to give the instruction." *Id.* at ___, 737 S.E.2d at 118. In addition, the majority opinion stated that "[a]ny error in failing to so instruct the jury is harmless in light of the insufficiency of the evidence" as to the elements of "hostility and duration of" defendant's possession. *Id.* at ___, 737 S.E.2d at 118.

The dissenting judge argued that adverse possession may arise from a " 'claim [that] is limited to ***the area actually possessed***' " by the claimant. *Id.* at ___, 737 S.E.2d at 120 (Elmore, J., dissenting) (quoting *Wallin v. Rice*, 232 N.C. 371, 373, 61 S.E.2d 82, 83 (1950) (emphasis added)). Thus, according to the dissent, the area actually possessed may represent only a portion of the " 'land embraced within the bounds of another's deed.' " *Id.* at ___, 737 S.E.2d at 120 (quoting *Wallin*, 232 N.C. at 373, 61 S.E.2d at 83). After summarizing defendant's evidence suggesting that she possessed the developed part of the property, the dissent concluded, *inter alia*, that this evidence was "sufficient to allow a reasonable inference by the jury that [defendant] actually possessed at least some portion of the property." *Id.* at ___, 737 S.E.2d at 121. In addition, the dissenting judge argued that the error was prejudicial in light of the jury's finding that defendant's possession was hostile. *Id.* at ___, 737 S.E.2d at 120-21. Defendant appeals as of right on the basis of the dissent.

We have stated that:

> [W]hen a request is made for a specific instruction, correct in itself and supported by evidence, the trial court, while not obliged to adopt the precise language of the prayer, is nevertheless required to give the instruction, in substance at least, and unless this is done . . . the failure will constitute reversible error.

*Calhoun v. State Highway & Pub. Works Comm'n*, 208 N.C. 424, 426, 181 S.E. 271, 272 (1935) (citations omitted); *see also State v. Davis*, 291 N.C. 1, 13-14, 229 S.E.2d

285, 293-94 (1976); *Bass v. Hocutt*, 221 N.C. 218, 219-20, 19 S.E.2d 871, 872 (1942). Accordingly, we consider whether the instruction requested is correct as a statement of law and, if so, whether the requested instruction is supported by the evidence. *Calhoun*, 208 N.C. at 426, 181 S.E. at 272.

North Carolina recognizes claims for adverse possession of an identified portion of property owned by another. *Wallin*, 232 N.C. at 373, 61 S.E.2d at 83 ("One may assert title to land embraced within the bounds of another's deed . . . ."). A party seeking to prove adverse possession of a portion of a parcel has the burden of pleading and proving all elements of the claim, including that the possession was under "known and visible lines and boundaries" and that "[the] claim is limited to the area actually possessed." *Id.* Accordingly, if defendant's counterclaim had specifically identified the portion of the 23.72 acre tract that she was claiming, and if she had presented evidence at trial to support all the elements of the claim, the trial court would have been obligated to give a jury instruction permitting the jury to find defendant adversely possessed that portion.

Turning to the question whether the evidence supported the proposed instruction, we find that defendant did not plead adverse possession of a specified portion of the tract in her counterclaim and did not present evidence at trial that she adversely possessed only an identified portion of the property. Defendant testified that the house and other buildings were on a part of the lot that she described as generally corresponding to a buried electronic dog fence marked with

some flags apparently protruding from the ground for the edification of the dog. However, even if we were to assume that this testimony describes a known and visible line or boundary, *see* N.C.G.S. § 1-40 (2011); *Dockery v. Hocutt*, 357 N.C. 210, 217-19, 581 S.E.2d 431, 436-37 (2003), this line does not correspond to defendant's claim. When specifically asked, defendant instead testified that she claimed property extending beyond the buried fence, but gave the jury no additional guidance as to where the property should be divided. As a result, even if the jury had been sympathetic to the notion that defendant adversely possessed a part of the parcel, she failed to meet her burden of establishing a claim under "known and visible lines and boundaries" and "limited to the area actually possessed." *Wallin*, 232 N.C. at 373, 61 S.E.2d at 83.

To the contrary, at each opportunity defendant claimed every bit of the 23.72 acres, and all her evidence supported this claim. Her initial counterclaim for adverse possession defined the property in dispute as "7949 Valley Falls Road" and set out the elements for adverse possession without identifying then or later any subpart to which she limited her claim. The parties agreed in the pretrial order that the only disputed issue was whether defendant was entitled to "the Property" by adverse possession. Although defendant had numerous opportunities during the trial to present evidence that she sought adverse possession of a part of the property, she rebuffed every such invitation and left no doubt that she was seeking possession of the entire parcel.

Accordingly, defendant was not entitled to an instruction on adverse possession of a portion of the property, and the trial court did not err when it declined to give her proposed instruction. The holding of the Court of Appeals is affirmed.

AFFIRMED.

Justice BEASLEY did not participate in the consideration or decision of this case.