IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-461

Filed 02 May 2023

Durham County, No. 20 CVD 2222

AHMED O. CHAHDI, Plaintiff,

v.

JOCELYN I. MACK, Defendant.

Appeal by Plaintiff from judgment entered 28 October 2021 by Judge James T. Hill in Durham County District Court. Heard in the Court of Appeals 24 January 2023.

> *Perry, Perry, & Perry, P.A., by Chelsi C. Edwards and Robert T. Perry, for Plaintiff-Appellant.*

> *Teague, Rotenstreich, Stanaland, Fox & Holt, P.L.L.C., by Kara V. Bordman and Camilla F. DeBoard, for Defendant-Appellee.*

GRIFFIN, Judge.

Plaintiff Ahmed O. Chadhi appeals from final judgment entered upon a jury verdict finding Plaintiff was not injured by the negligence of Defendant Jocelyn I. Mack. Plaintiff contends the trial court erred in instructing the jury on the doctrine of sudden emergency, dismissing Plaintiff's claim for punitive damages, and awarding attorney's fees. We hold the trial court properly instructed the jury on the doctrine of sudden emergency. Plaintiff's remaining contentions are not properly before this Court.

## I. Factual and Procedural Background

On 7 November 2014, Defendant was driving her grandmother's 2010 Pontiac vehicle when she experienced a brake failure. Upon discovering the brake failure, Defendant asked the other passenger, her fourteen-year-old niece, to call her grandmother. Defendant spoke on the phone with her grandmother for several minutes and continued driving toward downtown Durham as she felt uncomfortable and unsafe trying to stop the car. After several miles, Defendant approached a red light at an intersection, pulled into the parking lot of Buy Quick Food Mart, and, while traveling nearly 10 mph, collided with the convenience store. Plaintiff was working in the store at the time of the collision. As a result of the impact from the collision, an indoor display fell on Plaintiff's arm.

On 13 September 2017, Plaintiff filed a complaint ("17 CVD 4116") alleging Defendant was negligent in operating the vehicle and Plaintiff was personally injured as a result. Defendant filed an answer and Plaintiff thereafter filed a motion for leave to amend and add causes of action for gross negligence and punitive damages. The amendment was allowed, and Defendant filed another answer. Plaintiff, again, filed motion for leave to amend which was granted and Defendant answered. On 19 August 2019, Defendant filed a motion for summary judgment as to punitive damages. Following a hearing, on 29 August 2019, Judge Shamieka L. Rinehart entered an order granting partial summary judgment, dismissing Plaintiff's claim for punitive damages with prejudice. On 25 February 2020, Plaintiff filed a notice of

voluntary dismissal without prejudice as to the remaining claims in 17 CVD 4116.

On 10 March 2020, Plaintiff filed a summons and complaint ("20 CVD 2222") which included a second claim for relief for willful and wanton conduct. On 16 April 2020, Defendant answered and filed a motion for judgment on the pleadings and a motion to strike the issue of punitive damages. After a hearing, on 29 June 2020, Judge Rinehart filed an order granting the motion to strike and awarding attorney's fees.

On 14 September 2021, the 20 CVD 2222 matter came on for trial by jury before the Honorable James T. Hill in Durham County District Court. Ultimately, the trial court submitted two questions to the jury: "Was [ ] Plaintiff, Ahmed Chahdi injured by the negligence of Defendant Jocelyn Mack?" and "What amount is Plaintiff Ahmed Chahdi entitled to recover for his injury?" The trial court instructed the jury as to the doctrine of sudden emergency. The jury returned a verdict in favor of Defendant. On 19 November 2021, Plaintiff filed a notice of appeal.

## II. Analysis

Plaintiff argues the trial court erred in instructing the jury on the doctrine of sudden emergency, dismissing Plaintiff's claim for punitive damages, and awarding attorney's fees. We disagree.

### A. The Doctrine of Sudden Emergency

Plaintiff argues the trial erred in instructing the jury on the doctrine of sudden emergency because (1) there was not an emergency requiring immediate action to

avoid injury, and (2) assuming there was an emergency, Defendant's negligence created the emergency. We disagree.

When reviewing challenges regarding the appropriateness of jury instructions, we must first determine "whether the trial court abused its discretion, and, second, whether such error was likely to have misled the jury." *Goins v. Time Warner Cable Se., LLC*, 258 N.C. App. 234, 237, 812 S.E.2d 723, 726 (2018) (internal citations omitted) (citing *Murrow v. Daniels*, 321 N.C. 494, 499-500, 364 S.E.2d 392, 396 (1988); *Union Cty. Bd. of Educ. v. Union Cty. Bd. of Comm'rs*, 240 N.C. App. 274, 290–91, 771 S.E.2d 590, 601 (2015)). Further, "we consider whether the instruction requested is correct as a statement of law and, if so, whether the requested instruction is supported by the evidence." *Minor v. Minor*, 366 N.C. 526, 531, 742 S.E.2d 790, 793 (2013) (citation omitted).

The doctrine of sudden emergency applies "when a defendant is confronted by an emergency situation not of his own making and requires [the] defendant to act only as a reasonable person would react to similar emergency circumstances." *Massengill v. Starling*, 87 N.C. App. 233, 236, 360 S.E.2d 512, 514 (1987) (citation omitted). In order to submit jury instructions regarding this doctrine, the trial court must find substantial evidence of two essential elements: "(1) an emergency situation must exist requiring immediate action to avoid injury, and (2) the emergency must not have been created by the negligence of the party seeking the protection of the doctrine." *Allen v. Efird*, 123 N.C. App. 701, 703, 474 S.E.2d 141, 142–43 (1996)

(internal marks and citations omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78, 265 S.E.2d 164, 169 (1980) (citations omitted). Further, the evidence must be viewed in a light most favorable to the party that is claiming the benefit of the sudden emergency doctrine. *Masciulli v. Tucker*, 82 N.C. App. 200, 206, 346 S.E.2d 305, 308–09 (1986).

Unequivocally, where evidence exists regarding the issue of a sudden brake failure caused not by the defendant's own negligence, it is prejudicial error not to instruct the jury on the doctrine of sudden emergency. *See Stevens v. Southern Oil Co. of N.C.*, 259 N.C. 456, 460, 131 S.E.2d 39, 43 (1963) (holding that defendants were entitled to instruction on the doctrine of sudden emergency as the jury, based on evidence presented, may decide that the brakes had been defective); *Stanley v. Brown*, 261 N.C. 243, 248, 134 S.E.2d 321, 325 (1964) (holding that where the defendant presented substantial evidence of an unforeseeable brake failure, he was entitled to a jury instruction regarding the sudden emergency doctrine); *Horne v. Trivette*, 58 N.C. App. 77, 81, 293 S.E.2d 290, 292 (1982) (holding that where there was evidence tending to show the defendant was confronted with a sudden emergency, the trial court was correct in giving the instruction).

### 1. *Emergency*

Plaintiff contends Defendant failed to present substantial evidence that she was confronted with an emergency requiring immediate action to avoid injury

because she had sufficient notice and ample time to address the brake failure prior to the collision. Specifically, Plaintiff argues Defendant noticed the brake failure several miles from the collision site and spoke on the phone with her grandmother for 60 to 120 seconds following the discovery. Therefore, Plaintiff contends, given the distance and time Defendant traveled, there is not sufficient evidence to conclude the brake failure required Defendant to immediately react.

As noted above, where there is substantial evidence of a sudden brake failure caused not by the defendant's own negligence, it is prejudicial error not to instruct the jury on the issue of sudden emergency. *See supra* II.A. Even still, we address Plaintiff's argument as to the alleged lack of emergency.

Plaintiff's argument here—the trial court erred in its instruction because the brake failure did not require Defendant to act immediately—aims to effectually limit the definition of a sudden emergency to include only those situations in which a defendant is able to immediately resolve the situation, thereby confusing immediate action with immediate resolution. While we understand our precedent indicates the doctrine applies only where an emergency situation exists requiring the defendant to take immediate action to avoid injury, we must also consider the facts surrounding the alleged emergency situation. Plaintiff's argument fails to recognize that a brake failure will generally, inevitably end in an unavoidable accident, in spite of a defendant acting immediately to avoid injury.

Further, despite Plaintiff's attempt to redefine the circumstances under which

the doctrine of sudden emergency applies by limiting what constitutes "immediate action," our case law specifies the doctrine is a mere application of the prudent man, or reasonable person, standard stating:

> The emergency is merely a fact to be taken into account in determining whether he has acted as a reasonable man so situated would have done. The extent to which it will excuse a departure from the care and judgment which would be required under normal circumstances will, therefore, vary with the suddenness with which the emergency developed, the seriousness of the threatened damage and other circumstances calculated to excite and confuse. The doctrine of sudden emergency, moreover, relates solely to the appraisal of conduct occurring after the emergency is observed.

*Rodgers v. Carter*, 266 N.C. 564, 568, 146 S.E.2d 806, 810 (1966); *see* also *Foy v. Bremson*, 286 N.C. 108, 120, 209 S.E.2d 439, 446 (1974) ("The sudden emergency rule is a mere application of the rule of the prudent man."). Moreover, our Supreme Court holds, "[o]ne who is required to act in an emergency is not held by the law to the wisest choice of conduct, but only to such choice as a person of ordinary care and prudence, similarly situated, would have made." *Ingle v. Cassady*, 208 N.C. 497, 499, 181 S.E. 562, 563 (1935) (citations omitted). The application of the doctrine does not focus on the instant in which the defendant was able to resolve the emergency, but rather on whether, taking the emergency into account, the defendant acted as a reasonable person would, given similar circumstances.

In regard to the existence of an emergency situation, if the court is presented with substantial evidence that an emergency situation existed requiring the

defendant to act immediately to avoid injury, it is within the court's discretion to instruct the jury on the doctrine and for the jury to decide if the defendant acted reasonably given the circumstances. *See Allen*, 123 N.C. App. at 703, 474 S.E.2d at 142–43; *see also Rodgers*, 266 N.C. at 568, 146 S.E.2d at 810; *Foy*, 286 N.C. at 120, 209 S.E.2d at 446.

Here, Defendant was driving toward downtown Durham when she realized the car would slow, but not stop. Defendant noted, in her deposition, she was unable to pull the car over before she reached the Buy Quick, as other options were not safe or feasible. Specifically, Defendant noted she did not want to pull into a church parking lot where cars lined both sides of the street, such that she might hit them upon trying to take a sharp turn into the lot without proper, working brakes; nor did she feel safe pulling into the Shell gas station parking lot at night as it was a known hangout for vagrants.

Because Defendant introduced substantial evidence of a sudden brake failure, which unequivocally creates an emergency situation, and substantial evidence as to her actions after the discovery of the brake failure, it was not an abuse of discretion to instruct the jury on the doctrine—assuming Defendant was not otherwise negligent. Further, because the presentation of evidence was such that a jury could decide whether Defendant acted reasonably under the circumstances, the trial court did not err in instructing the jury on the doctrine of sudden emergency, given the emergency situation alone.

### 2. *Negligence*

Plaintiff argues if an emergency existed, the emergency was caused by Defendant's own negligence as she continued to drive after realizing there was a brake failure.

As noted above, in order to submit jury instructions regarding the doctrine of sudden emergency, there must be substantial evidence showing the emergency was not "created by the negligence of the party seeking the protection of the doctrine." *Allen*, 123 N.C. App. at 703, 474 S.E.2d at 142–43. While we hold a sudden brake failure must be considered an emergency situation, it is only upon the presentation of sufficient evidence that the brake failure was not caused by the defendant's own negligence which requires the trial court to instruct on the sudden emergency doctrine. *See supra* II.A.

Plaintiff here argues not that Defendant was negligent as to the brake failure itself, but negligent in the conduct she undertook upon the discovery of the brake failure. Further, in analogizing the instant case with our Court's opinion in *Allen v. Efird*, Plaintiff contends Defendant was negligent because she lost control under static conditions, as indicated by her collision with Buy Quick, and not after an unexpected change in condition. *Allen*, 123 N.C. App. at 702, 474 S.E.2d at 142.

In *Allen*, the defendant was driving on a wet roadway when he hydroplaned and lost control of his vehicle. *Id.* The defendant spun off the road on the right, then came back across the road striking the plaintiff's vehicle in the oncoming lane of

traffic. At trial, upon the defendant's request, the court instructed on the doctrine of sudden emergency. *Id.* at 702, 474 S.E.2d at 142. On appeal, this Court overturned the decision and ordered a new trial reasoning the "defendant had been proceeding on wet roads for some time prior to the accident, and [made] no assertion that there was any unexpected change in condition for the worse immediately prior to his loss of control." *Id.* at 704, 474 S.E.2d at 143. Further, we noted the defendant failed to present evidence of a sudden change of driving conditions or of "any road condition or highway exigency . . . that he could not have avoided through the exercise of due care." *Id.*

Here, Plaintiff correctly asserts Defendant discovered the brake failure and continued driving. However, unlike the defendant in *Allen*, Defendant in this case had no choice but to continue driving, under the "static condition" of having failed brakes, as the emergent situation faced by Defendant was that she could not stop her vehicle. Further, Defendant introduced evidence of the brake failure and the reason she neglected to stop prior to Buy Quick. Thus, Defendant here, unlike the defendant in *Allen*, not only introduced evidence of an "unexpected change in condition for the worse"—the brake failure—but also of a sudden change in condition "[she] could not have avoided through the exercise of due care"—as she was inevitably going to run into something regardless of how reasonably she acted.

As such, we hold the trial court did not err in instructing on the doctrine of sudden emergency, as it is for the jury to decide whether Defendant's conduct was

negligent after realizing her brakes failed.

## B. Punitive Damages and Attorney's Fees

Plaintiff argues the trial court erred in dismissing Plaintiff's claim for punitive damages and awarding attorney's fees. We decline to address these contentions as, for the following reasons, Plaintiff has failed to establish either of these issues is properly before this Court.

Any party who is entitled by law to appeal from a judgment of a trial court rendered in a civil action may take appeal by filing a notice of appeal. N.C. R. App. P. 3(a). Moreover, pursuant to Rule 3(d), the notice of appeal must "designate the judgment or order from which appeal is taken and the court to which appeal is taken." N.C. R. App. P. 3(d). "An appellant's failure to designate a particular judgment or order in the notice of appeal generally divests this Court of jurisdiction to consider that order." *Yorke v. Novant Health, Inc.*, 192 N.C. App. 340, 347, 666 S.E.2d 127, 133 (2008); *see also Rite Color Chemical Co. v. Velvet Textile Co.*, 105 N.C. App. 14, 17, 411 S.E.2d 645, 647 (1992). We recognize there is generally no right to appeal from an interlocutory order which does not affect a substantial right and that only upon appeal from the final judgment does this Court have jurisdiction to review issues related to such an order. *See Van Engen v. Que Scientific, Inc.*, 151 N.C. App. 683, 686, 567 S.E.2d 179, 182 (2002); *Love v. Moore*, 305 N.C. 575, 578, 291 S.E.2d 141, 144 (1982). However, where a plaintiff voluntarily dismisses a remaining claim which survives summary judgment, the appeal is no longer premature "but rather

has the effect of making the trial court's grant of partial summary judgment a final order" that can be immediately appealed. *Combs & Assocs. v. Kennedy*, 147 N.C. App. 362, 367, 555 S.E.2d 634, 638 (2001).

There are two exceptions, under which this Court "may liberally construe a notice of appeal to determine it has jurisdiction over a ruling not specified in the notice." *Chee v. Estes*, 117 N.C. App. 450, 452, 451 S.E.2d 349, 350 (1994). "First, if the appellant made a mistake in designating the judgment intended to be appealed" but the intent to appeal can be fairly inferred from the notice and the appellee was not misled, the appeal will not be dismissed. *Id.* at 452, 451 S.E.2d at 351. Second, the appeal will not be dismissed where the "appellant technically fails to comply with procedural requirements in filing papers with the court but accomplishes the functional equivalent of the requirement." *Id.* at 452, 451 S.E.2d at 351.

Plaintiff here, pursuant to Rule 3(d), only noticed appeal "from the final judgment entered by Judge James T. Hill on October 28, 2021" in file number 20 CVS 2222. Nevertheless, Plaintiff now attempts to argue issues on appeal concerning the trial court's order granting Defendant's motion for summary judgment as to punitive damages in 17 CVD 4116, a completely separate case which Plaintiff voluntarily dismissed. Plaintiff offers no ground for appellate review of this order entered in a separate file number and has not sought review of this order by way of certiorari. We conclude this order is not before us to review.

Plaintiff further seeks review of the trial court's order granting Defendant's

motion to strike allegations concerning punitive damages in Plaintiff's 20 CVS 2222 complaint and awarding attorney's fees in favor of Defendant entered by Judge Shamieka L. Reinhart. Plaintiff did not designate these interlocutory orders in his notice of appeal from the final judgment. However, N.C. Gen. Stat. § 1-278 provides: "Upon an appeal from a judgment, the [appellate] court may review any intermediate order involving the merits and necessarily affecting the judgment." N.C. Gen. Stat. § 1-278 (2021). Applying this statute, "[t]his Court has held that even when a notice of appeal fails to reference an interlocutory order, in violation of Rule 3(d), appellate review of that order pursuant to N.C. Gen. Stat. § 1-278 is proper under the following circumstances: (1) the appellant must have timely objected to the order; (2) the order must be interlocutory and not immediately appealable; and (3) the order must have involved the merits and necessarily affected the judgment." *Tinajero v. Balfour Beatty Infrastructure, Inc.*, 233 N.C. App. 748, 757, 758 S.E.2d 169, 175 (2014) (citation omitted).

Here, however, Plaintiff has, again, made no effort to assert grounds for this Court to review the interlocutory order striking allegations of punitive damages or awarding attorney's fees pursuant to N.C. Gen. Stat. § 1-278. *See* N.C. R. App. P. 28(b)(4). In the absence of any proffered basis for review of these orders, we conclude they are not properly before us. Moreover, Plaintiff's arguments that he should be permitted to pursue punitive damages claims arising from the accident are necessarily resolved against Plaintiff in light of our decision concluding there was no

error at trial and affirming the trial court's judgment entered upon the jury verdict determining Defendant was not liable for Plaintiff's injuries on the same facts.

## III. Conclusion

For the aforementioned reasons, we hold the trial court did not err in instructing the jury on the doctrine of sudden emergency. Further, we decline to address Plaintiff's remaining contentions regarding punitive damages and attorney's fees as neither issue is properly before this Court.

NO ERROR.

Judge ZACHARY and HAMPSON concur.